IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ERIC SCOT JOHNSON, | Cause No. CV 26-115-M-SPW |
| Petitioner, | |
| vs. | ORDER |
| THE STATE OF MONTANA, | |
| Respondent. | |

Eric Scot Johnson ("Johnson"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1.) Johnson was convicted of possession of methamphetamine. (*Id.* at 1.)

Johnson contends that he was not permitted to place his hand on the Holy Bible during unidentified court proceedings. (*Id.* at 5.) Johnson provides various bible verses and religious textual support for the purported unlawfulness of this denial. (*Id.* at 5-7.) Johnson acknowledges he has not presented these claims to the state courts. (*Id.*) Johnson asks that he be provided relief from the sentence he is serving and that he be paid, presumably as compensation for his present incarceration. (*Id.* at 15.)

There are issues with Johnson's petition that preclude relief in this Court. Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a

1

response unless it "plainly appears" that the petitioner is not entitled to relief. *See,* Rule 4 Governing Section 2254 Cases & Rule 4 Governing Section 2255 Cases; *see also, Valdez v. Montgomery,* 918 F. 3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, and those that are plagued by procedural defects. *See e.g., Boyd v. Thompson,* 147 F. 3d 1124, 1128 (9th Cir. 1998).

Johnson cites Bible passages as authority supporting his petition. Claimed violations of biblical law are not cognizable on federal habeas. The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See,* 28 U.S.C. § 2254(a). Thus, any claims based on alleged violations of "biblical law" are not cognizable and must be dismissed without leave to amend.

While his claims are not entirely clear, to the extent that Johnson may believe the state courts have misinterpreted and/or misapplied state law, the claims are also not cognizable. A federal writ is not available for alleged errors in the interpretation or application of state law. *See, Wilson v. Corcoran,* 562 U.S. 1, 5 (2010); *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991).

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it

2

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Johnson's petition is dismissed because his claims are not cognizable. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Johnson's Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to enter judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 3rd day of August, 2026.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge

3